IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Mondre Edwards,<br><br>Plaintiff,<br><br>vs.<br><br>Mrs. E. Freeman,<br><br>Defendant | Case No.: 4:26-cv-0786-JD-TER<br><br><br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 13), issued pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report recommends dismissing Plaintiff Mondre Edwards's ("Plaintiff") pro se action without prejudice and without issuance or service of process because his claims are barred by the applicable statute of limitations.

Plaintiff filed no specific objections to the Report. Although he subsequently submitted letters to the Court (DE 15, 17, 18), those filings do not challenge the Magistrate Judge's findings or recommendation. Having reviewed the Report and relevant record for clear error, the Court finds none and ADOPTS the Report for the reasons that follow.

**A. BACKGROUND**

Plaintiff, proceeding pro se and *in forma pauperis*, commenced this action under 42 U.S.C. § 1983 on February 25, 2026. (DE 1, 1-2.) He alleges that Defendant Freeman, his former probation officer, unlawfully arrested him for entering a neighborhood where Freeman believed he was prohibited from going. According to

Plaintiff, he subsequently appeared before a judge who determined that Freeman lacked a proper basis for the arrest and ordered his release. (DE 1 at 1–2; DE 1-2 at 5–6.)

In his handwritten Complaint, Plaintiff expressed uncertainty concerning the date of the alleged arrest, describing it as occurring approximately two and one-half years earlier, in 2023 or 2024. (DE 1 at 1.) However, in the accompanying prisoner complaint form, Plaintiff was specifically asked, "What date and approximate time did the events giving rise to your claim(s) occur?" He responded: "On 11/18/2022. I have attached why this claim may not be on time and I am pleading with the courts, to allow me to explain." (DE 1-2 at 5.) Plaintiff also described subsequent incarceration and difficulties obtaining records concerning his earlier arrest and release. (DE 1-2 at 9, 15.)

On March 27, 2026, the Magistrate Judge issued the Report recommending dismissal because the action was filed outside South Carolina's three-year limitations period and Plaintiff had not alleged circumstances warranting equitable tolling. (DE 13 at 3–5.) The Report advised Plaintiff of his right to file objections and the consequences of failing to do so. (DE 13 at 6.)

Plaintiff filed no specific objections. His subsequent letters (DE 15, 17, 18) principally concern detention-center conditions and a separate criminal prosecution.

## B. LEGAL STANDARD

A magistrate judge makes recommendations to the district court, which retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261, 270–71

(1976). The Court must conduct a de novo review of those portions of a report to which specific objections are made. 28 U.S.C. § 636(b)(1).

When no specific objections are filed, however, the Court need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Although pro se objections must be liberally construed, a filing must reasonably identify the finding or recommendation being challenged to warrant de novo review. *See Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023).

The failure to file timely, specific objections after receiving proper notice ordinarily forfeits appellate review of the substance of a magistrate judge's recommendation. *Wright v. Collins*, 766 F.2d 841, 845–47 (4th Cir. 1985); *see also Nelson v. Bisignano*, No. 25-2073, 2026 WL 1533306, at *1 (4th Cir. June 1, 2026) (per curiam) (unpublished).

Here, Plaintiff's subsequent letters do not identify an error in the Report's limitations analysis or otherwise constitute specific objections. Accordingly, the Court reviews the Report for clear error.

## C. DISCUSSION

The Magistrate Judge concluded that Plaintiff's claims are barred by South Carolina's three-year statute of limitations applicable to § 1983 actions. *See* S.C. Code Ann. § 15-3-530(5). Although state law supplies the applicable limitations period, federal law governs accrual. A Fourth Amendment false-arrest or false-imprisonment

claim generally accrues when detention without legal process ends. *Wallace v. Kato*, 549 U.S. 384, 389–91 (2007).

A district court may consider a statute-of-limitations defense sua sponte during *in forma pauperis* screening when the defense plainly appears on the face of the complaint. *See Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 953–54 (4th Cir. 1995) (en banc); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–57 (4th Cir. 2006).

The Court recognizes that Plaintiff's handwritten Complaint contains an uncertain reference to 2023 or 2024. (DE 1 at 1.) However, in the accompanying complaint form, Plaintiff specifically identified November 18, 2022, as the date of the events giving rise to his claims. (DE 1-2 at 5.) He provided that date in direct response to the form's request for the incident date and expressly acknowledged that his claim "may not be on time," referring the Court to his explanation for the delay. (*Id.*)

Reading the pleadings together and construing them liberally, the Court understands Plaintiff's specific identification of November 18, 2022, as clarifying his earlier uncertain estimate. The Court does not treat his acknowledgment of possible untimeliness as a binding legal concession. Rather, it considers that statement in determining how the pleadings reasonably should be construed.

Plaintiff alleges that he was arrested by Freeman and thereafter appeared before a judge who ordered his release. The pleadings do not allege that detention without legal process arising from the challenged arrest continued into the three-year period preceding this action. (DE 1 at 1–2; DE 1-2 at 5–6.) Plaintiff did not commence

this action until February 25, 2026, more than three years after the specifically identified November 18, 2022, incident.

The Magistrate Judge also considered Plaintiff's explanation that subsequent incarceration and difficulty obtaining records delayed his filing. (DE 13 at 4–5.) However, Plaintiff's allegations indicate that he knew of the arrest, Freeman's identity, and the circumstances he believed rendered the arrest unlawful. He further alleges that a judge informed him that Freeman lacked a proper basis for the arrest. His subsequent difficulty obtaining additional records does not, on the facts alleged, establish circumstances warranting equitable tolling. *See Hooper v. Ebenezer Senior Services & Rehabilitation Center*, 386 S.C. 108, 117–18, 687 S.E.2d 29, 34–35 (2009).

Accordingly, the Court finds no clear error in the Magistrate Judge's conclusion that the limitations bar appears on the face of Plaintiff's pleadings or that Plaintiff has not alleged circumstances sufficient to warrant equitable tolling.

Finally, Plaintiff's subsequent letters (DE 15, 17, 18) concern matters distinct from the alleged arrest by Freeman. They do not dispute the November 18, 2022, date, identify an error in the Report, or otherwise provide a basis for rejecting its recommendation. The Court does not construe those letters as amendments to the operative Complaint and expresses no opinion concerning the merits of the separate allegations raised therein.

Having reviewed the Report and relevant record for clear error, the Court finds none.

## D. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (DE 13) and incorporates it herein.

Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), without issuance or service of process, because the claims asserted against Defendant Freeman are barred by the applicable statute of limitations.

The Court does not adjudicate any separate claims concerning detention-center conditions or Plaintiff's subsequent criminal proceedings discussed in DE 15, 17, and 18.

The Clerk of Court is **DIRECTED** to enter a separate judgment pursuant to Federal Rule of Civil Procedure 58, close this case, and mail a copy of this Order and the judgment to Plaintiff at his address of record.

**IT IS SO ORDERED.**

s/ Joseph Dawson, III
Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 27, 2026

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order and the accompanying judgment. A notice of appeal must be filed with the Clerk of Court within thirty (30) days after entry of judgment. See Fed. R. App. P. 3, 4(a)(1)(A).